**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TIFFANY JOHNSON, | * | |
| Plaintiff, | * | Civil Action No. _____ |
| v. | | |
| | * | [Removed from the Circuit Court for Montgomery County, Maryland |
| CONTINENTAL FINANCE COMPANY, LLC, ET AL., | * | Case No. C-15-CV-22-002254] |
| | * | |
| Defendants. | | |
| | * | |
| | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## NOTICE OF REMOVAL

Defendants Continental Finance Company, LLC ("Continental") and Continental Purchasing, LLC (collectively, "Defendants"), by undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, hereby file this Notice of Removal from the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-22-002254, to the United States District Court for the District of Maryland, Southern Division. In support of this Notice of Removal, Defendants state as follows:

### I.     Background

1. On or about June 15, 2022, Named Plaintiff Tiffany Johnson ("Johnson" or "Named Plaintiff"), individually and on behalf of other persons similarly situated, by her attorneys Gordon, Wolf, & Carney CHTD., filed a Complaint against Defendants in the Circuit Court for

Montgomery County, Maryland, *Johnson vs. Continental Finance Company, LLC* Case No. C-15-CV-22-002254 (the "State Court Action").

2. The events alleged in the Complaint are based on allegations of illegally providing loans without a license as required under Maryland Law. *See generally* Compl. Named Plaintiff alleges two causes of action: <u>Count I</u> – Declaratory Relief under Md. Cts. & Jud. Pro. § 3-406 under the Maryland Declaratory Judgment Act to obtain relief from uncertainty and insecurity with respect to the right "under the consumer protections embodied in Maryland law." *See* Am. Compl., pp. 6-10; and <u>Count II</u> – Violations of Maryland's Consumer Loan Law ("MCLL"), Com. Law §12-301, *et seq.,* & Maryland Credit Services Businesses Act ("MCSB"), Com. Law §§ 14-1901 *et seq*.

3. Defendants were served with the Complaint on July 11, 2022.

4. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendants are attached as **Exhibit A**.

## II.     Removal Procedures

5. 28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

6. Venue is appropriate in this Court, and Defendants seek to remove this case to the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. § 1441(a). The Circuit Court for Montgomery County, Maryland is located within this District, and cases arising in the Circuit Court for Montgomery County, Maryland are properly assigned to the Southern Division of this Court. *See* 28 U.S.C. § 100(1).

7. Written notice of the filing of this Notice of Removal will be served upon counsel for Named Plaintiff, Benjamin H. Carney and Richard S. Gordon.

8. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed contemporaneously with the Clerk of the Circuit Court for Montgomery County, Maryland, and served upon all parties and/or counsel of record. *See* Notice of Filing of Removal, attached as **Exhibit B**.

9. This Notice of Removal is timely filed within thirty (30) days of service upon Defendants pursuant to 28 U.S.C. 1446(b). Defendants were served with the Complaint and the corresponding Summons on July 11, 2022. Therefore, the thirty-day period for Defendants ends on Wednesday, August 10, 2022.

10. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service and personal jurisdiction, and the right to raise all defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendants of any of the allegations set forth in the Complaint or damages sought therein.

### III. Removal Is Proper Under Diversity Jurisdiction, 28 U.S.C. § 1332.

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of all properly joined parties; (2) the amount in controversy for the Complaint exceeds $75,000.00; and (3) Defendants are not citizens of Maryland for purposes of diversity jurisdiction.

A.     **Complete Diversity Exists Between All Parties.**

12.    With regard to the citizenship of the parties, Named Plaintiff admits that she is a citizen of the State of Maryland. Compl. ¶ 29.  Therefore, Named Plaintiff is a citizen of the State of Maryland for diversity jurisdiction purposes.

13.    Continental and Continental Purchasing, LLC are both Limited Liability Companies organized and existing under the laws of the State of Delaware.  Declaration of Continental Finance Company, LLC at ¶ 3-5.  A Limited Liability Company is deemed a citizen of the states where each of its members is a citizen.  *See e.g., Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 661 (D. Md. 2013).  Continental's members are UIV, LLC, Stephen McSorley, William Knotts, Daniel David, and Mark Salamone.  UIV, LLC's members are Tamer El-Rayess and Lamiaa Elfar. *Id.* Stephen McSorley is domiciled in Pennsylvania. William Knotts is domiciled in Delaware. Daniel David is domiciled in Delaware. Mark Salamone is domiciled in New York. UIV, LLC has its principal place of business in Delaware. Tamer El-Rayess is domiciled in New York. Lamiaa Elfar is domiciled in Virginia.

14.    Because UIV, LLC is organized under the laws of the State of Delaware and has its principal place of business in Delaware, it is a citizen of Delaware for diversity jurisdiction purposes.  28 U.S.C. § 1332(c).  Accordingly, Continental is a citizen of Delaware for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)-(d)(10).

15.    The sole member of Continental Purchasing is Continental. Continental is a citizen of Delaware.  Accordingly, Continental Purchasing is a citizen of Delaware for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)-(d)(10).

16.    In sum, complete diversity of citizenship exists between Named Plaintiff and Continental and Continental Purchasing.

**B.     Named Plaintiff's Complaint Meets The $75,000 Amount-In-Controversy Threshold.**

17.     Named Plaintiff's Complaint meets the $75,000.00 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) because Named Plaintiff's claims exceed the minimal threshold.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005) (holding that a class action can be removed based on diversity jurisdiction when the amount in controversy for *at least one named plaintiff* exceeds $75,000.00, exclusive of interest and costs).

18.     Named Plaintiff demands payment of a judgment for an amount likely to exceed $75,000. Therefore, Named Plaintiff meets the amount-in-controversy threshold for original diversity jurisdiction.  *See* Compl. at 162.

19.     Accordingly, this court has original jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because (i) there is complete diversity between the parties; (ii) the amount in controversy exceeds the $75,000.00 jurisdictional threshold; and (iii) Defendants are not citizens of Maryland.

20.     Moreover, because the Court has original diversity jurisdiction, it also has supplemental jurisdiction as to all other plaintiffs regardless of the amount in controversy, and as to other state law claims set forth in the Complaint under 28 U.S.C. §§ 1367 and 1446(a).  As the United States Supreme Court explained in *Exxon Mobil Corp.*, 545 U.S. at 558-59, the breadth of supplemental jurisdiction under § 1367 permits removal of an entire class action based on diversity jurisdiction when the amount in controversy for *at least one named plaintiff* exceeds $75,000.00, exclusive of interest and costs.  The Court stated: "When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over

that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment." *Id.* at 559.

### IV. Removal Is Proper Under CAFA, 28 U.S.C. §§ 1332(d), 1453.

**A.  This Action Is Also Removable To Federal Court Pursuant To CAFA, 28 U.S.C. § 1332(d)(2).**

21. This action meets the requirements for removal under CAFA because (1) this is a civil class action consisting of more than 100 putative class members, 28 U.S.C. § 1332(d)(2); (2) the citizenship of at least one plaintiff is different from that of at least one defendant, 28 U.S.C. § 1332(d)(2)(A); and (3) the matter in controversy, after aggregating the claims of the putative class members, exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(6).

22. It is well-settled where the "complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). And, as "no antiremoval presumption attends cases invoking CAFA . . . a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Goff v. Caliber Home Loans, Inc.*, No. 1:20-cv-2038-ELH, 2020 WL 6204299, at *7 (D. Md. Oct. 21, 2020).

**B.  This Is A Class Action Consisting Of More Than 100 Putative Class Members.**

23. CAFA applies to the State Court Action because the State Court Action is a "civil action filed under" Maryland Rule 2-231, and Maryland's analog to Fed. R. Civ. P. 23 "authorize[s] an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

24. Accordingly, the requirement that a class action be a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure

authorizing an action to be brought by 1 or more representative persons as a class action" is satisfied. *See* 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

25. Further, the requirement that the number of members of all proposed plaintiff classes in the aggregate be greater than 100 is also satisfied. *See* 28 U.S.C. § 1332(d)(5)(B). The number of putative members in the Continental Class total more than 100 borrowers.[1] More than 100 Maryland residents received the allegedly illegal loan services identified in the Complaint.

26. Attached hereto as **Exhibit C** is a declaration from Daniel David, employee and authorized representative of Continental, establishing that there are more than 100 members of the proposed class.

C. **The Minimal Diversity Of Citizenship Is Satisfied.**

27. CAFA eliminates the requirement of complete diversity and requires only "minimal diversity," *i.e.*, the citizenship of any plaintiff differs from that of at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

28. As discussed *supra* ¶¶ 12-15, there is complete diversity between Named Plaintiff and Defendants. Complete diversity also satisfies CAFA's relaxed "minimal diversity" requirement. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 707 (4th Cir. 2010) (analyzing corporate citizenships under CAFA). As such, there is minimal diversity between the parties because at least one plaintiff class member is diverse in citizenship from Defendants.

---

[1] In making these calculations based on the alleged putative classes, Continental and Continental Purchasing, LLC do not in any way admit to the allegations against them, the appropriateness of the proposed class definition, or the propriety of this action proceeding as a class action.

**D.     The Amount-In-Controversy Requirement Is Satisfied.**

29.     The amount in controversy requirement under CAFA is also satisfied. Under 28 U.S.C. § 1332(d), a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. *See* U.S.C. § 1332(d)(2).

30.     "Because no antiremoval presumption attends cases invoking CAFA, a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold" of exceeding $5 million at the time of removal. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (emphasis added).

31.     Attached hereto as **Exhibit C** is a declaration from Daniel David, employee and authorized representative of Continental identifying the number of Maryland borrowers who obtained Maryland originated loans which, through agreements with a third-party institution, were exclusively serviced by Continental. The number of active Maryland borrowers who obtained Maryland originated loans which, through agreements with a third-party institution, are exclusively serviced by Continental, totaled more than 31,000 accounts. *See* **Ex. C**. The number of Maryland borrowers who obtained Maryland originated loans which, through agreements with a third-party institution, and whose accounts were charged off by their respective banks and previously were serviced by Continental, totaled more than 30,000 accounts.

32.     Plaintiff alleges violations of MCLL § 12-314 and requests relief in the amount of any principal, interest, or other compensation Defendants have received or retained. Compl. ¶ 162. *See also Price v. Murdy*, 462 Md. 145, 156 (2018) (holding that the remedy for MCLL violations is the defendant's inability to receive or retain principal, interest, or other compensation). As of July 21, 2022, Continental has received over $19 million in principal and interest payments from members of the purported Continental Class with active accounts, and has received over $20

million in principal and interest payments from members of the purported Continental Class whose accounts were charged off by their respective banks and were previously serviced by Continental. Statutory damages under MCLL § 12-314 therefore meet the CAFA amount in controversy requirement. *See* **Ex. C**.

## V. Conclusion

WHEREFORE, for the foregoing reasons, Defendants respectfully request the above-captioned action now pending in the Circuit Court for Montgomery County, Maryland, be removed to the United States District Court for the District of Maryland, Southern Division, and that said District assume jurisdiction of this action, granting such other relief as the court deems necessary and just.

Dated:   August 10, 2022

Respectfully submitted,

*/s/ Melissa O. Martinez*
Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street
Suite 1000
Baltimore, MD 21202
410-659-4432
410-659-4482 (Fax)
mmartinez@mcguirewoods.com

***Counsel for Continental Finance Company, LLC and Continental Purchasing LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2022 a copy of the foregoing Notice of Removal was served via CM/ECF and first-class mail, postage prepaid on the following:

Benjamin H. Carney
Richard S. Gordon
Gordon, Wolf, & Carney, CHTD.
100 West Pennsylvania Ave., Suite 100
Townson, Maryland 21204
rgordon@GWCfirm.com

*Counsel for Plaintiff*


　　　　　　　　　　　　　　　　　　*/s/ Melissa O. Martinez*
　　　　　　　　　　　　　　　　　　Melissa O. Martinez