IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIFFANY JOHNSON, | * |
| Plaintiff, | * |
| v. | |
| | * |
| CONTINENTAL FINANCE COMPANY, LLC, ET AL., | *   Civil Action No. 8:22-cv-02001-PX |
| | * |
| Defendants. | |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Continental Finance Company, LLC ("Continental") and its wholly owned subsidiary, Continental Purchasing LLC ("CP"), (together the "Defendants") by and through their attorneys, and pursuant to Fed. R. Civ. P. 12(b)(3), hereby move to compel arbitration and stay this action, and in support states:

**INTRODUCTION**

Plaintiff's claims in this action are governed by a binding and enforceable arbitration provision ("Arbitration Provision"). Accordingly, this action should be stayed and Plaintiff should be compelled to arbitrate her individual claims as she is contractually obligated to do, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1 *et seq.*, as there is a strong policy in favor of the enforcement of arbitration agreements.

The applicable contract (the "Cardholder Agreement") governing the terms of Plaintiff's approval for and use of the credit card that is the subject of this claim (the "Account") contains a

valid and enforceable Arbitration Provision. **Exhibit 1**, Affidavit in Support of Defendants' Motion to Compel, at ¶ 8 (hereinafter, "Affidavit"). This Arbitration Provision governs all claims arising from or relating to Plaintiff's Account, her application for and use of the Account, and the relationship between the parties that resulted from her being extended an Account. The Cardholder Agreement also includes a class action waiver barring Plaintiff's participation in the putative class action Plaintiff attempts to bring in the instant case. The Plaintiff and Defendants unambiguously agreed to submit their disputes to the American Arbitration Association ("AAA") for adjudication. All of the Plaintiff's claims are subject to individual, non-class arbitration pursuant to the parties' Arbitration Provision and the FAA. Because Plaintiff improperly elected to pursue litigation, an order compelling arbitration and submission of Plaintiff's claims to an arbitrator per the Cardholder Agreement is warranted.

## **RELEVANT FACTUAL BACKGROUND**

I.  **The Arbitration Agreement**

On or about February 12, 2021, Plaintiff applied for a Surge® Mastercard® credit card account issued by Celtic Bank (the "Bank"). *See* **Exhibit 2,** Credit Card Application; *see also* Affidavit, at ¶ 8. For an applicant to apply for a credit card, the applicant must acknowledge and accept the Terms and Conditions of the credit card. **Exhibit 3**, Terms and Conditions; *see also* Affidavit, at ¶ 4. The Terms and Conditions plainly notify the applicant that disputes related to the Account are subject to mandatory arbitration, to wit: "Both you and we agree to waive the right to go to court or to have the dispute heard by a jury (except in regard to any collection activities on your Account). You and we will be waiving any right to a jury trial and you also would not have the right to participate as part of a class of claimants relating to any dispute with us." **Exhibit 3**, at Continental_Johnson_000018 (emphasis added). Further, the Terms and

Conditions state, "When you receive your Agreement, you should read the Arbitration Provision in your agreement carefully and not accept or use the Card unless you agree to be bound by the Arbitration Provision." *Id.*

As is the standard practice of Continental, when Plaintiff's application was approved by the Bank, her credit card and the Cardholder Agreement were mailed to her residence in Maryland. *See* Affidavit, at ¶ 8.

The Cardholder Agreement covers the terms and conditions of the Account and Celtic Bank is the Card issuer that assigns its rights for servicing and other rights to Continental and CP after Card issuance. **Exhibit 4,** at Continental_Johnson_000003. The Cardholder Agreement states that the cardholder "agree[s] to be bound by the following terms and conditions, which shall constitute an agreement between you and us." *Id; see also* Affidavit at ¶ 10.

Plaintiff agreed to resolve any claim that might arise out of or relate to the Cardholder Agreement through binding bilateral arbitration. *Id.* at Continental_Johnson_000011. Under the Cardholder Agreement's Arbitration Provision, Plaintiff waived any right to file claims in court, other than small claims court, or to participate in any class action lawsuit. *Id.* The Cardholder Agreement provides in pertinent part:

<b><u>ARBITRATION PROVISON</u></b>

> PLEASE READ CAREFULLY: This Arbitration Provision (the "Provision") waives any right to file claims in court, other than a small claims court, or to participate in a class action or other consolidated proceeding. CARDHOLDERS COVERED BY THE MILITARY LENDING ACT. Notwithstanding any other provision of this Agreement, if you are a "covered borrower" under the Military Lending Act, as defined in at 32 CFR § 232.3(g), the Arbitration Provision does not apply to you. Unless you opt out of this Provision in the manner set forth below in subpart (p), any claim that arises out of or in any way relates to the Agreement, your Account, or this Provision (the "Claim(s)") shall be resolved exclusively by binding bilateral arbitration . . .

*Id.*

Plaintiff used her Account for consumer related purchases. *See* Affidavit at ¶ 11. By applying for and using her Account, Plaintiff agreed to be bound by the Cardholder Agreement. See **Exhibit 4**; *see also* Affidavit at ¶ 10.

## II.  Plaintiff's Claims

Plaintiff alleges that Defendants violated the Maryland Credit Services Businesses Act and the Maryland Consumer Loan Law by entering into credit transactions without a license. *See* Compl. at Count I-II. Plaintiff contends that Defendants were never entitled to receive or retain any principal, interest, fees, or compensation related to the loans they serviced. *Id.* at ¶ 161. The foregoing claims arose out of the Cardholder Agreement, given Plaintiff's claims that Defendants were not entitled to any fees or compensation under the Cardholder Agreement. Plaintiff and Defendants agreed to arbitrate these claims. **Exhibit 4,** at Continental_Johnson_000011.  There are no claims asserted by Plaintiff against Defendants that fall outside the scope of the Arbitration Provision of the Cardholder Agreement.

## STANDARD OF REVIEW

In reviewing a motion to compel arbitration, the court applies a standard that is "akin to the burden on summary judgment." *Doe v. New Ritz, Inc.*, 2016 WL 1642933, at *2 (D. Md. Apr. 26, 2016).  "The party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists—and must also provide sufficient evidence in support of its claims such that a reasonable jury could return a favorable verdict under applicable law." *Id.*  In other words, to defeat the motion to compel, the plaintiff "must show genuine issues of material fact regarding the ***existence*** of an agreement to arbitrate." *Id*. (emphasis added).

The Federal Arbitration Act ("FAA") provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such

> contract or transaction, or the refusal to perform the whole of any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.  Section 2 evidences a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Moreover:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3. While the agreement is governed by the FAA, the court still looks to state law to determine whether the agreement is binding under Section 2 of the FAA and enforceable under Section 3 of the FAA. *Arthur Andersen LLP v. Carlisle*, 129 S. Ct. 1896, 1902 (2009); *see also Cain v. Midland Funding, LLC*, 452 Md. 141, 154 (2017).

## ARGUMENT

The Court should compel arbitration and stay this proceeding because the parties' dispute is subject to binding arbitration.  As set forth above, agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "The [FAA], this Court has said, establishes "a liberal federal policy favoring arbitration agreements.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). "[T]he Arbitration Act [also] requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules* under which that arbitration will be conducted." *Id*.

To compel arbitration, Defendants must prove four elements: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the [party] to arbitrate the dispute." *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 697 n.6 (4th Cir. 2012). Defendants easily satisfy each element.

***First***, there is a dispute between the parties. The complaint alleges that Defendants violated the Maryland Credit Services Businesses Act and the Maryland Consumer Loan Law when they entered into credit transactions without a license.

***Second***, the Arbitration Provision is clear and unambiguous. Plaintiff and Defendants agreed that all claims would be "resolved exclusively by binding bilateral arbitration." **Exhibit 4,** at Continental_Johnson_000003. This action arises out of Continental's alleged wrongful retention of principal, interest, fees, and compensation collected under the Cardholder Agreement. Plaintiff's claims are not excluded by any provision within the Cardholder Agreement. *See Allstate Insurance Co. v. Stinebaugh*, 374 Md. 631 (finding that any dispute that arises under an arbitration agreement should be arbitrated unless there is ambiguity in some other provision in the contract). By contract, Plaintiff and Defendants vested an arbitrator with the authority to decide these claims.

Additionally, Defendants did not waive their right to arbitration. Waiver must be "clearly established and will not be inferred from equivocal acts or language. Whether there has been a waiver of a contractual right involves a matter of intent that ordinarily turns on the factual circumstances of each case." *Gold Coast Mall, Inc. v. Larmar Corp.*, 298 Md. 96, 109 (1983). There is no indication that Defendants waived their right to arbitration and Plaintiff's own Complaint establishes that the Arbitration Provision remains intact. To be sure, the Cardholder

Agreement allows cardholders to opt out of the Arbitration Agreement by sending written notice of their decision to opt out within thirty days of receiving the Cardholder Agreement. **Exhibit 4,** at Continental_Johnson_000012. Here, Defendants did not receive any such written notice from Plaintiff expressing her desire to opt out of the Cardholder Agreement after she received the Cardholder Agreement.

Furthermore, the inclusion of a class action waiver does not bar the enforceability of the Cardholder Agreement. *See Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 638 (4th Cir. 2002) (rejecting that an arbitration agreement including a class action waiver provision is unenforceable); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018) (holding that federal courts should enforce arbitration agreements according to their terms). State laws prohibiting the arbitration of specific claims outright are preempted by the FAA. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1747 (2011) ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA"). Accordingly, arbitration agreements with a class action waiver provision may be enforced even if they conflict with state laws. *Id.* Thus, Defendants have established the second element requiring a written agreement that includes an arbitration provision which purports to cover the dispute.

**Third**, the use of credit cards is directly related to interstate commerce. Cardholders can enter into transactions with a business located in any state when using their credit cards. *See Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 526 (D. Md. 2006) (conceding that individuals who engage in credit card transactions are engaged in interstate commerce).

**Fourth**, Plaintiff has wrongly refused to arbitrate the dispute. Rather than pursue arbitration as required by the Cardholder Agreement, she chose to file a complaint in court. This

Court is not the proper forum, however, because the Cardholder Agreement's Arbitration Provision covers the parties' dispute.[1] Consequently, Defendants have satisfied the four elements for a motion to compel arbitration.

Courts have also repeatedly recognized a presumption in favor of arbitrability. *See Dillon v. BMO Harris Bank, N.A.,* 856 F.3d 330, 333 (4th Cir. 2017) (applying a "strong federal policy in favor of enforcing arbitration agreements" to uphold the enforceability of an arbitration agreement (quoting *Hayes v. Delbert Servs. Corp.,* 811 F.3d 666, 671 (4th Cir. 2016))); *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 103 (4th Cir. 2012) ("Federal courts have developed a robust presumption in favor of arbitrability."); *Kop-Flex Emerson Power Transmission Corp. v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge No. 1784, Dist. Lodge No. 4*, 840 F. Supp. 2d 885, 892 (D. Md. 2012) (applying a presumption in favor of arbitrability to enforce an arbitration agreement); *GKD-USA, Inc. v. Coast Mach. Movers*, 126 F. Supp. 3d 553, 559 (D. Md. 2015) (asserting that there is a "presumption in favor of arbitration" (quoting *Applied Energetics v. NewOak Capital Mkts., LLC,* 645 F.3d 522, 526 (2nd Cir.2011))). When evaluating an arbitration provision, "any uncertainty regarding the scope of arbitrable issues agreed to by the parties must be resolved in favor of arbitration." <u>Muriithi v. Shuttle Express, Inc.</u>, 712 F.3d 173, 179 (4th Cir. 2013); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (The "heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration.").

An arbitration provision creates a presumption that the parties agreed to arbitrate all disputes, including those regarding the validity of the contract in general. *Buckeye Check Cashing,*

---

[1] Indeed, the same Cardholder Agreement bars Plaintiff's putative class action lawsuit. According to the Cardholder Agreement cardholders waive any right "to participate in a class action or other consolidating proceeding." **Exhibit 4,** at Continental_Johnson_000011.

*Inc. v. Cardegna*, 126 S. Ct. 1204, 1210 (2006) ("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.")

This Court consistently enforces the plain language of arbitration agreements and requires parties to arbitrate disputes when they chose to do so in their agreement. *See, e.g.*, *Doe v. New Ritz, Inc.*, 2016 WL 1642933, at *6 (D. Md. Apr. 26, 2016); *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 943 (D. Md. 2004).

Moreover, in addition to the strong presumption in favor of arbitrability, Plaintiff's claims are clearly covered under the broad language of the Arbitration Provision. The Arbitration Provision defines the claims subject to arbitration as including "any claim that arises out of or in any way relates to the Agreement, your Account, or this Provision." *See* **Exhibit 4,** at Continental_Johnson_000011.

Plaintiff's claims plainly fall within the broad scope of the Arbitration Provision. In addition to compelling arbitration, stay of the proceedings is warranted to permit the arbitrator to render a decision on whether Defendants, as the parties in privity with Plaintiff, violated the Maryland Credit Services Businesses Act and the Maryland Consumer Loan Law. When claims in an action are subject to arbitration, the FAA makes clear that a court shall, upon application of one of the parties, stay the action pending arbitration, provided that the party making the demand is not in default in proceeding with the arbitration.  9 U.S.C. § 3. These claims arise out of the Cardholder Agreement and fall within the authority of an arbitrator to decide in accordance with the Arbitration Provision included in the Cardholder Agreement. Stay of this action in its entirety is warranted because Continental's alleged wrongful retention of principal, interest, fees, and compensation collected under the Cardholder Agreement gives rise to Plaintiff's claims against Defendants. Here, Defendants are not in default, and the claims made in the Complaint are subject

to arbitration under the Cardholder Agreement. The risk of inconsistent decisions arising out of the same underlying facts and circumstances weighs against concurrent arbitration and litigation, thus favoring a global stay of the action.

WHEREFORE, Continental Finance Company, LLC and Continental Purchasing, LLC respectfully request that this Honorable Court grant the Motion to Compel Arbitration and Stay Proceedings and grant such other and further relief as the interests of justice require.

Dated:  September 14, 2022                          Respectfully submitted,

*/s/ Melissa O. Martinez*
Melissa O. Martinez (Fed. Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street
Suite 1000
Baltimore, MD 21202
410-659-4400
410-659-4482 (Fax)
mmartinez@mcguirewoods.com

Brandi G. Howard (Md. Fed. Bar No. 21250)
**MCGUIREWOODS LLP**
888 16th Street N.W.
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
202-857-2438
202-828-3338 (Fax)
bhoward@mcguirewoods.com

***Counsel for Continental Finance Company, LLC and Continental Purchasing LLC***