**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| TIFFANY JOHNSON, | * | |
| Plaintiff, | * | |
| v. | | Civil Action No. 8:22-cv-02001-PX |
| | * | (lead) |
| CONTINENTAL FINANCE COMPANY, LLC, et al., | * | |
| Defendants. | * | |
| | * | |
| TRACEY CRIDER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:23-cv-00854-PX |
| | | (member) |
| CONTINENTAL FINANCE COMPANY, LLC, et al., | * | |
| Defendants. | * | |
| | * | |

*    *    *    *    *    *    *    *    *    *

**Order Preliminarily Approving Settlement, Certifying Class for Settlement Purposes, Appointing Class Counsel and Settlement Administrator, and Setting Schedule with Respect to Notice, Settlement Hearing and Administration**

After review and consideration of the proposed Settlement Agreement (the "Agreement") in this case relating to claims raised by the Plaintiffs, Tiffany Johnson and Tracey Crider ("Representative Plaintiffs") against Defendants Continental Finance Company, LLC and Continental Purchasing, LLC ("Continental" or "Defendants"), and upon application of the parties with good cause appearing, THIS COURT FINDS and ORDERS as follows:

1.    The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e)(1)(B), subject to further consideration thereof at the Settlement Hearing described at Paragraph 16 of this Order.

2.     The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3.     For purpose of this Settlement only and without prejudice to Defendants' right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court hereby certifies the following class ("Settlement Class") in accordance with the Agreement, and pursuant to Fed. R. Civ. P. 23(a) & (b)(3) & (e)(1)(B), subject to further consideration thereof at the Settlement Hearing described at Paragraph 16 of this Order:

> All Maryland residents with credit card accounts for credit cards issued by the Bank of Missouri or Celtic Bank and serviced by Continental on or after March 2014, where the borrower made one or more payments on the loan (each, a "Class Member" and each such account, an "Account).

4.     The Settlement Class excludes all employees or representatives of Continental, and all Court personnel.

5.     For settlement purposes only and without prejudice to Defendants' right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court finds, pursuant to the Agreement, that the prerequisites of Fed. R. Civ. P. 23(a) & (b)(3) have been satisfied. In particular, pursuant to the Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

a.     As Continental has confirmed in the Agreement that thousands of persons are Settlement Class members, and as Continental has agreed to provide a Class List identifying Settlement Class members, the Class is ascertainable and so numerous that joinder of all members is impracticable (Fed. R. Civ. P. 23(a)(1));

b.     There are questions of law or fact common to the Settlement Class, including whether any Cardholder Agreements exist between Continental and Class members, and whether Continental's alleged actions in making consumer loans to Class members of less than $25,000, or assisting Class

members to obtain such loans, when the borrowers were residents of Maryland, constitutes a violation of the Maryland Consumer Loan Law, Md. Code Ann., Com. Law, § 12-314 ("MCLL") or the Maryland Credit Services Businesses Act, Md. Code Ann., Com. Law, § 14-1901, because Continental did not have a license required by those statutes (Fed. R. Civ. P. 23(a)(2));

c.      The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class that Representative Plaintiffs seek to certify, as Representative Plaintiffs' claims center on the same facts and legal theories which are central to Settlement Class Members' claims (Fed. R. Civ. P. 23(a)(3)); and

d.      Representative Plaintiffs and their counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiffs and the Settlement Class has been shown, and they have retained counsel experienced in class action litigation (Fed. R. Civ. P. 23(a)(4)).

For settlement purposes only and without prejudice to Defendants' right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court finds, pursuant to the Agreement, that the prerequisites of Fed. R. Civ. P. 23(b)(3) are met, as:

a.      The questions of law or fact common to Settlement Class Members, and which are relevant for Settlement purposes, predominate over the questions affecting only individual Settlement Class Members, because the lawsuit and Agreement concern, for all Settlement Class Members, the application of the same statutes to the same facts, including materially similar conduct by Continental in making consumer loans to

Representative Plaintiff and each Class member of less than $25,000 or assisting them to obtain such loans; and

      b.    Certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy, because in the absence of class certification, Settlement Class Members would as a practical matter face difficulty in seeking relief for the relatively small individual claims alleged in this lawsuit.

      6.    The Court finds that class certification is appropriate after considering (A) the interest of members of the class in individually controlling the prosecution of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the difficulties likely to be encountered in the management of a class action. In particular, the Court finds that individual class members do not have an interest in individually controlling the prosecution of separate actions which weighs against class certification, as such individual actions would be impractical; there is no other litigation concerning this controversy already commenced by members of the class; and that the nature of this class certification as for settlement neutralizes any concerns about litigation in a particular forum, and the manageability of a contested class action.

      7.    For the purpose of this preliminary approval and all matters relating to the Settlement of this Action, and without prejudice to Defendants' right to contest the appointment of Representative Plaintiffs as the representative of the Class and/or the appointment of Class Counsel in the event that the proposed Settlement is not fully implemented, until further order of the Court, Plaintiffs Tiffany Johnson and Tracey Crider shall be the Representatives of the Class. In addition, the Court appoints the following lawyers as Class Counsel and finds that these counsel meet the requirements of Fed. R. Civ. P. 23(a)(4):

Benjamin H. Carney
Richard S. Gordon
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Rd.
Executive Plaza 1, Suite 1000
Hunt Valley, MD 21031

Benjamin H. Carney is appointed Lead Counsel for the Class.

8.     Strategic Claims Services of Media, Pennsylvania is hereby appointed to serve as Settlement Administrator.

9.     The Parties and the Settlement Administrator are ordered to carry out the Notice plan described in the Agreement, and, as described in the Agreement, Continental shall provide the Class List to the Settlement Administrator within fifteen (15) calendar days of the entry of this Order, and the Settlement Administrator shall disseminate Notice to potential Class Members within thirty (30) calendar days after the Preliminary Approval Date.

10.     Notice to potential Class Members in accordance with the provisions of the Agreement and this Order is hereby found to be: (a) the best Notice practicable under the circumstances; (b) due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the Settlement; and (c) in full compliance with the notice requirement of Fed. R. Civ. P. 23 and due process.

11.     Any Class Member wishing to be excluded from the Class shall mail a request for exclusion ("Request for Exclusion" or "Opt-Out") to the Settlement Administrator, postmarked not later than forty-five (45) calendar days from the Notice Date. Such request shall set forth: the name, address, and telephone number of the Class Member, and contain the words "opt-out," "exclusion," or other words clearly indicating an intent not to participate in the Settlement. Requests for exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Upon receipt, the Settlement Administrator shall immediately forward a copy of any Request for Exclusion to Class Counsel and to counsel for Defendant. Any Class

Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any Final Judgment entered herein. The specific date and deadline for requesting exclusion by a Class Member shall be set forth in the Notice.

12.    The Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and other written communications from Class Members and shall preserve all such communications until administration is complete or further order of the Court. All written communications received from Class Members and all written responses to inquiries by Class Members relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Class Counsel and Defendant, subject to further Order of the Court if issues of privilege or confidentiality arise. Notice to Class Members shall designate the Settlement Administrator as the person to whom Requests for Exclusion shall be sent.

13.    In order to be deemed a Class Member entitled to participate in the Settlement as set forth in the Agreement, in the event that the Settlement is effected in accordance with all of the terms and conditions thereof, Class Members need not take any affirmative action, but shall not opt-out of, or request exclusion from the Settlement. In order to obtain benefits under the Settlement, including the financial benefits, Class Members need not take any additional action.

14.    All other events contemplated under the Agreement to occur after this Order and before the hearing described in paragraph 16 shall be governed by the Agreement to the extent not inconsistent with this Order.

15.    Memoranda in support of the Settlement, petitions for attorneys' fees and reimbursement of expenses by Representative Plaintiff's counsel, and requests for any Representative Plaintiff's incentive awards shall be filed with the Clerk of the Court no later than thirty (30) calendar days before the date of the Final Approval Hearing.

16.    A hearing (the "Settlement Hearing") shall be held before the undersigned at **1 0 : 0 0 a.m.** on **March 30, 2026** in the U.S. District Court for the District

of

Maryland, Southern Division, 6500 Cherrywood Lane, Greenbelt, MD 20770 to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, and other related matters. This hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

17.    Any Class Member who does not opt-out of the Settlement may appear at the Settlement Hearing in person or by counsel, if any appearance is filed and served as provided in the Class Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorney's fees and for reimbursement of expenses by Representative Plaintiff's counsel, or other related matters. Any Settlement Class Member who has not previously opted-out in accordance with the terms above may object by filing an objection in writing with the Clerk of Court no later than forty-five (45) days following the Notice Date.  Any objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval hearing, either with or without counsel. Any objection must be served on Class Counsel and counsel for Defendant at the time it is filed, at the following addresses:

Class Counsel

Benjamin H. Carney
Gordon, Wolf & Carney, Chtd.
11350 McCormick Rd.
Executive Plaza 1, Suite 1000
Hunt Valley, MD 21031

Continental's Counsel

Fredrick S. Levin
Orrick, Herrington & Sutcliffe, LLP
120 Broadway, 4th Floor
Santa Monica, CA 90401

Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this paragraph shall not be permitted to object to the approval of the settlement or this Agreement or an award of attorneys' fees or costs by Class Counsel or an incentive award to the Representative Plaintiffs and shall be foreclosed from seeking any review of the settlement or the terms of the Agreement or an Order approving the Settlement by appeal or other means.

18.    If the proposed Settlement is not implemented or if the Settlement is terminated for any reason whatsoever, the Settlement, and all proceedings in connection with the Agreement, including without limitation, all orders entered in connection with the proposed Settlement shall be without prejudice to the rights of the settling parties, and all Orders issued pursuant to this proposed Settlement shall be vacated. In such an event, the Settlement and all negotiations, proceedings and statements made in connection with the proposed Settlement, including without limitation the Agreement, shall be null, void and without effect. No evidence relating to such negotiations, proceedings, documents, or statements shall be used in any manner or for any purpose in any subsequent proceedings in this Action, or in any other proceeding between the settling parties, and this Action shall revert to its status immediately prior to the execution of the Agreement, including but not limited to its status as a putative class action.

IT IS SO ORDERED.

Dated: _____December 9_____, 2025.

/S/
_____
Hon. Paula Xinis
United States District Judge